IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00463-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELVIN ROSHARD ALFRED,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant Melvin Roshard Alfred's Motion for Revocation of Detention Order [Docket No. 17], wherein the defendant asks the Court to review the detention order and release Mr. Alfred on conditions. The United States has filed a response [Docket No. 24].

The defendant was arrested on September 17, 2018 in the Southern District of Texas based on the criminal complaint in this case alleging that the defendant violated 18 U.S.C. § 2422(a). On September 20, 2018, the defendant had a detention hearing in front of Magistrate Judge Peter Bray. *See* Docket No. 17-1. After a hearing at which the defendant was represented by counsel and at which FBI Special Agent Robert Spivey and Jeanette Alfred Andrews (the defendant's mother) testified, Judge Bray found that the United States had shown by clear and convincing evidence that the defendant was a danger to the community and found by a preponderance of the evidence that the defendant was a flight risk. Docket No. 7 at 34.

Defendant seeks revocation of the magistrate judge's detention order under 18 U.S.C. § 3145(b) on the grounds that the United States failed to prove by clear and convincing evidence that the defendant is a danger to the community and that he poses a risk of non-appearance. Docket No. 17 at 1.

## Requirements for Detention Under the Bail Reform Act

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government bears the burden of proof at a detention hearing. *Id*. The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any person or to the community by clear and convincing evidence. 18 U.S.C. § 3142(f).

In deciding whether there are conditions of release that would assure the appearance of the defendant and the safety of the community, the magistrate judge must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The standard for the district court's review of a magistrate judge's detention order under Section 3145(a) is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

The defendant makes the following arguments: (a) Judge Bray erroneously relied on an FBI report about the defendant allegedly prostituting a 16 year old female; (b) the defendant's criminal history is limited; (c) the defendant assists his mother and is not merely idle; and (d) the defendant's one failure to appear is an exception. Docket No. 17 at 4-8.

### FBI Report

At the detention hearing, Judge Bray reviewed an FBI 302 report, Docket No. 17-1 at 40, about a sixteen year old girl who was contacted after a sting operation in San Antonio and who claimed that the defendant prostituted her between 2013 and 2015. *Id.* at 23. The girl also stated that the defendant beat her. *Id*. The defendant objects to the weight that Judge Bray gave this report, arguing that his mother's testimony contradicted important aspects of the report and that the defendant was never arrested for prostituting the girl. Docket No. 17 at 4-5. Neither side has attached the FBI report that Judge Bray reviewed at the detention hearing. The Court finds that, while the testimony from Special Agent Spivey about the incident involving the sixteen year old is entitled to some weight, such testimony, by itself, does not constitute clear and

convincing evidence of the defendant being a danger to the public. The sixteen year old's account is not corroborated and the silver Mercedes mentioned as the vehicle that the defendant used has not otherwise been linked to the defendant.

### Criminal History and Failure to Appear

Neither the defendant nor the United States has attached the criminal history relied upon by Judge Bray at the detention hearing, although the United States bases its response on information received from the Southern District of Texas. Docket No. 24 at 6. The defendant notes that his criminal history is limited to misdemeanor offenses in southern Texas, the most recent being a 2015 traffic matter. Docket No. 17 at 7. The defendant also argues that none of the defendant's convictions relates to the charge in this case. *Id*. The defendant claims that his one failure to appear is an anomaly given that he has successfully completed probationary sentences in other cases since then. *Id.* at 8.

The United States says that the defendant has the following misdemeanor convictions: Unlawful Carrying of a Weapon, three separate convictions for Possession of Marijuana Less Than 2 Ounces, Possession of a Controlled Substance -- 28 to 200 Grams, and Tampering with Identification Numbers. Docket No. 24 at 6. The United States also states that the defendant's probation case was discharged "unsatisfactorily" in a 2007 case; that his bond was revoked in a 2011 case; and that, in 2015, he violated the requirements for a court-ordered Sheriff's Weekend Work Program. *Id.* Judge Bray found that the defendant had four drug-related misdemeanor convictions and uses marijuana daily. Docket No. 7 at 36. The Court finds by a preponderance of

the evidence that the defendant's criminal history, while involving misdemeanor convictions, demonstrates that the defendant has a propensity to possess marijuana illegally and has a history of not following the terms and conditions of sentences.

**Employment History**

Judge Bray found that the defendant is unemployed and "has only been sporadically employed during his adult life. He has no financial resources and is completely dependent upon his mother and step-father for his financial well-being." *Id*. at 35. The defendant, however, argues that the defendant's parents support him because he helps them with the other children and with household tasks. Docket No. 17 at 8.

**Strength of the Evidence Against the Defendant**

The affidavit in support of the complaint in this case contains a detailed recitation of the facts on which the charge against the defendant is based. Docket No. 1-2; Docket No. 7 at 6. The defendant contacted a fictitious undercover persona claiming to be an 18 year old female on the dating/social media site Tagged. From September 7, 2018 to his arrest on September 14, 2018, the defendant communicated with this woman through various means, encouraging her in clear terms and great detail to engage in acts of prostitution in order to get enough money to buy a bus ticket to Houston, Texas, where they planned to solicit further acts of prostitution, with the woman acting as the prostitute and the defendant acting as the pimp. When the defendant went to the Houston bus station to pick the woman up after she supposedly traveled from Denver, he was arrested by FBI agents. Docket No. 1-2 at 15. At the

time of his arrest, the defendant had a loaded Glock 23 handgun in his waistband. *Id*. at 16. The Court agrees with the government that the weight of the evidence against the defendant, as demonstrated by the affidavit of Special Agent Spivey in support of the complaint, is strong.

## Conclusion

Reviewing de novo the evidence, other than the actual 302 report, considered by Judge Bray at the detention hearing and considering the proffers made by both sides, the Court finds that there is no combination of conditions that will reasonably assure the safety of the community and the appearance of the defendant. The government has shown by clear and convincing evidence that the defendant has been involved in trafficking an adult female for the purpose of prostitution and that the defendant felt the need to arm himself when engaged in such conduct, the nature of which involvement presents a danger to the community. Moreover, the defendant has been convicted of Unlawful Carrying of a Weapon. The United States has also demonstrated by a preponderance of the evidence that the defendant poses a risk of flight. He has no ties to Denver, he has no record of any consistent employment despite being over thirty years old, has two misdemeanor drug convictions and uses marijuana on a daily basis, and has a prior failure to appear in one of his criminal cases. Although the defendant argues that there are conditions of bond that could mitigate any risks to the community or of non-appearance, the only condition mentioned is the defendant living with his parents and having his mother act as a "third-party custodian." Docket No. 17 at 8-9. However, at the detention hearing, the defendant's mother was generally unaware of his criminal history, Docket No. 17-1 at 74-76, had only a vague sense of his job history,

*id*. at 66, 69-70, did not know what the defendant did when he was not at home, *id*. at 68, and was unaware of the defendant's daily marijuana use. *Id*. at 73. Moreover, the fact that the defendant lived with his mother and step-father did not deter the defendant, based upon the detailed affidavit in support of the complaint and the testimony of Special Agent Spivey, from committing the crime alleged in the indictment. This leads the Court to conclude that his mother would not be able to mitigate the danger to the community posed by the defendant remaining at liberty and would not ensure his appearance in this case. Upon de novo review, the Court agrees with Judge Bray that the defendant should be detained until trial.

Wherefore, it is

**ORDERED** that defendant Melvin Roshard Alfred's Motion for Revocation of Detention Order [Docket No. 17] is denied.

DATED December 17, 2018.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge