IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00463-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELVIN ROSHARD ALFRED,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on defendant's Motion for Bill of Particulars [Docket No. 70]. The government has filed a response. Docket No. 73. Defendant's motion seeks various categories of information in connection with Count Two of the Superseding Indictment [Docket No. 64], including: (a) the events, facts, conduct, or circumstances that make up the alleged "business enterprise"; (b) the name and other identifying information for each alleged victim of the business enterprise; (c) the precise temporal bounds of the business enterprise; (d) the dates on which the acts contributing to the unlawful business enterprise occurred; (e) the particular sections of the Texas Penal Code the government alleges defendant violated; and (f) the particular "laws of the United States" the government alleges defendant violated. Docket No. 70 at 4, ¶ 9.

Regarding the information requested in paragraphs 9(a)-(d) of defendant's motion, *see id.*, the government states that a bill of particulars should not be used to obtain discovery and that, in any event, the government has already produced

discovery containing the information defendant seeks. Docket No. 73 at 2-5, ¶¶ 4, 8, 10, 12. The government further states that defendant already understands and is familiar with the evidence that the government will rely upon to establish the "business enterprise" alleged in Count Two. *Id.* at 5, ¶ 12. According to the government, defendant's response to the government's Rule 404(b) notice, Docket No. 39, "describes that evidence thoroughly" and demonstrates, "with sufficient precision," his understanding of the charge against him. Docket No. 73 at 5, ¶ 12 (internal quotation marks omitted).

The Court agrees that a bill of particulars is not a substitute for discovery. *See United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) ("A bill of particulars . . . is not a discovery device but may serve to amplify the indictment by providing additional information." (internal quotation marks and bracket omitted)); *see also United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) ("A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial. The defendant is not entitled to notice of all the *evidence* the government intends to produce, but only the *theory* of the government's case." (internal citations, quotation marks, and bracket omitted)). Given the government's representation that discovery containing the information requested in paragraphs 9(a)-(d) is already in defendant's possession, and that defendant is familiar with the evidence that will be used to establish Count Two, the Court finds that the government has satisfied its obligation to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense."

*Ivy*, 83 F.3d at 1281 (internal quotation marks omitted); *see also id.* at 1282 (affirming denial of defendants' request for a bill of particulars where the government provided the defendants with "complete discovery containing sufficient information to allow them to prepare their defense").

As to the information specified in paragraphs 9(e)-(f) of defendant's motion, Docket No. 70 at 4, ¶ 9, and the government's general theory regarding Count Two, the government has provided, in its response, information satisfying defendant's request. *See* Docket No. 73 at 6, ¶¶ 13-14. That aspect of defendant's motion is therefore moot.

In summary, the Court has considered the three *Dunn* factors, *see Dunn*, 841 F.2d at 1029 (enumerating three purposes served by a bill of particulars: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense"), and determined that the discovery already produced by the government, together with the information provided in the government's response, satisfies the purposes served by a bill of particulars. As a result, defendant's request for the additional information specified in paragraphs 9(a)-(d) will be denied. Defendant's request for the information specified in paragraphs 9(e)-(f) will be denied as moot. Wherefore, it is

**ORDERED** that defendant's Motion for Bill of Particulars [Docket No. 70] is **DENIED** as to the information requested in paragraphs 9(a)-(d) and **DENIED** as moot as to the information requested in paragraphs 9(e)-(f) and the government's general

theory regarding Count Two of the Superseding Indictment.

DATED March 27, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge